THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01899-LTB-CBS

DANIEL FANNING and CYNTHIA FANNING, Husband and Wife,

      Plaintiffs,

v.

DIANON SYSTEMS, INC., a Delaware Corporation,

      Defendant.

_____

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

_____

    A.   Plaintiffs generally claim that Defendant Dianon Systems, Inc. and its agents, servants and/or employees who reviewed, prepared and processed prostate tissue specimens of Plaintiff Daniel Fanning were negligent and that said negligence caused Plaintiffs injuries and damages. Defendant has denied the substance of these allegations, and asserted various affirmative defenses.

    B.   Plaintiffs have in their possession private health care information, which is or might be relevant to the matters at issue, and which they believe are private and confidential information and subject to protection from public disclosure pursuant to Fed.R.Civ.P. Rule 26(c). The term "private health care information" as used covers the same information as defined by HIPAA, 42 U.S.C. 1320d (4) as follows:

      HEALTH INFORMATION.--The term 'health information' means any information, whether oral or recorded in any form or medium, that—

"(A) is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and

"(B) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

C.     Defendant has in its possession writings and things (generally described as proprietary and/or trade secret information, confidential personnel records and/or documents, private health care information of Plaintiff Daniel Fanning, and health care information of third parties), which are or might be relevant to the matters at issue and which it believes are private and confidential information and subject to protection from public disclosure pursuant to Fed.R.Civ.P. 26(c).

D.   To avoid unnecessary litigation over the production of these writings and things, the parties enter into the following confidentiality agreement and stipulated protective order.

E.     The term "this litigation" as used in this Protective Order means *Daniel Fanning and Cynthia Fanning v. Dianon Systems, Inc.,* Civil Action No. 05-CV-01899-LTB-CBS (D. Colo.).

F.     The term "Confidential Writings and Things" means those writings and things within the categories defined in Subparts B and C of this Protective Order

Therefore, the parties stipulate and agree as follows:

1.     Plaintiffs and Defendants will produce all confidential writings and things identified in categories B and C above subject to the terms of this Order and bearing in clear

2

letters the legend "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)". The parties agree that any such writings (and their contents) and things as are produced shall not be furnished, disclosed, revealed, or in any manner made available by receiving counsel to any person other than attorneys of record working on this litigation and their employees, corporate counsel, the Plaintiffs, consulting experts and non-experts, endorsed expert witnesses, witnesses disclosed in this case and/or their counsel, if applicable, or such other individuals actually working on this litigation. (Employees or agents of the party originally supplying the confidential document shall not be precluded from reviewing same.) Counsel agree that any and all persons who are provided with copies of confidential writings (and their contents) and things or who review their contents shall abide by the provisions of this agreement and shall not under any circumstances disclose, reveal or in any manner provide the documents or reveal their contents to any other persons, attorneys, or organizations. The parties expressly agree and acknowledge that documents designated as "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)" shall be used solely for the purpose of this litigation in accordance with the terms of this Protective Order and shall not be used for any other purpose whatsoever, including business or other litigation purposes.

2. Any confidential writing or thing that is utilized in a deposition may be marked as an exhibit; however, such exhibit will not be furnished to the court reporter and will not be attached to the deposition transcript but will instead remain in the possession of the counsel

3

offering the exhibit.

3.  When any confidential writing or thing is presented, quoted or otherwise referred to in any interrogatory, deposition, hearing, trial or other proceedings, any Party claiming confidentiality shall have the right to designate such portions as "Confidential" in accordance with this order.  When confidential writings and/or things are incorporated in a transcript of deposition, hearing, trial or other Court proceeding, any Party claiming confidentiality shall arrange with the court reporter to bind the Confidential portions of such transcripts separately and to label such portions of the transcript as required herein.  All depositions of Plaintiffs and present and former employees of Defendant shall be treated as confidential and subject to this Protective Order for fourteen days.

4.  Portions of deposition transcripts that describe or concern the contents of these confidential writings and things may be submitted under seal to the Court if necessary to support any Motion, Response or Reply.  Similarly, the confidential writings and things can be submitted under seal to the Court if necessary to support any Pleadings, Disclosure, Motion, Response or Reply.  It is anticipated that the parties will reach a further agreement as to how confidential writings and things will be handled if used at the deposition of any person not covered by this order or as trial exhibits.  If the parties do not reach such an agreement, then the party who produced those writings and things may then seek ruling by the Court regarding disclosure of such documents from the Court.  If such a ruling is sought, the writings and things will not be disclosed until resolution by the court.

4

5. Writings and things that are marked "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)" and the contents thereof shall be maintained as confidential for the duration of this litigation and thereafter, subject to procedures described herein.  On conclusion of this litigation (including any appeals), the undersigned agree that all writings and things received by them in the course of discovery that have been marked as "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)" and their contents will continue to be confidential, and that those documents and all copies made of them will be returned to the party producing them, in accordance with arrangements to be made at that time.  It is agreed that continued confidentiality of these writings and things even after termination of the litigation is a matter of substantial importance to all parties herein, and each party accordingly agrees that in the event that it fails to return writings and things obtained by it in the course of this litigation that have been marked as "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)" and if that party disseminates such writings and things or the contents thereof to any third party, an injunction may be entered against the party violating this confidentiality agreement by any Court of competent jurisdiction.

6.  Any inadvertent disclosure of confidential writings and things shall not waive the confidential status of a document.  In such event, the disclosed writings and things and copies thereof may be retrieved from any person to whom it has been provided, and counsel in this litigation shall not disseminate it to any other person who has not yet received it and would

5

not be eligible to receive it under the terms of this agreement.  This agreement shall be liberally construed to avoid finding of a waiver of confidentiality where none was intended.

7.  No assertion, or waiver, of confidentiality pursuant to this agreement shall affect the assertion or validity of any other claim of privilege or basis for withholding any document from discovery or objecting to its use herein.  No claims or determinations with regard to confidentiality of any document subject to this agreement shall have any effect on determining whether a document is material, relevant, or admissible for any other purpose in this litigation.  No assertion by counsel of confidentiality may be introduced as proof that the document whose confidentiality is sought is itself relevant to any issue in this litigation.

8.  The parties, through the undersigned counsel, acknowledge application of this agreement to them and further agree that, in the event they associate any additional counsel in this litigation, the additional counsel will be bound by the terms of this agreement.  It will be the responsibility of parties who associate additional counsel with this litigation to obtain written consent to this agreement.  All counsel who are party to this agreement expressly agree to take all necessary and appropriate steps to maintain confidentiality of documents in accordance with the letter and the spirit of this agreement.  Nothing herein shall prevent any member, associate, or employee of any law firm that is of record herein from disclosing this document to any other member, associate, or employee of the same law firm, provided that such person has been provided a copy of this agreement and consents to abide by its terms.

6

9.   Before disclosing any writings and things that have been identified as "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)" to any potential expert witness, consulting expert or non-expert witness, counsel wishing to make such a disclosure must obtain the written consent of the potential expert or non-expert to abide by the terms of this agreement. This requirement shall not require the premature disclosure of potential expert witnesses.  Such written consent shall be retained by counsel obtaining the same and not provided to other counsel.   All of the terms of this agreement apply to the use of writings and things denominated as "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)" by any potential expert witness, expert witness, consulting witness, or non-expert.   The parties acknowledge that employees or agents will likewise be required to abide by and execute the attached form or a similar statement of agreement.

10.   This Order shall apply only to writings and things produced in *Fanning v. Dianon Systems, Inc*. and marked with the designation "CONFIDENTIAL-FANNING v. DIANON, Civil Action No. 05-CV-01899-LTB-CBS (D. CO.)" unless otherwise provided above or by separate Order of this Court.

11.   In order that this agreement may be properly effectuated, the parties hereby stipulate and request that the Court enter it as an Order.  In the event that any party has a question or disagreement regarding operation of such a confidentiality order or disputes the confidential designation, which disagreement cannot be resolved through dealings

7

between counsel, such matter may be submitted to the Court for handling, including *in camera* treatment when appropriate.  This agreement shall be effective as between the counsel named below, whether or not it is entered as an Order by the Court.

DATED this 27th day of April 2006.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge

APPROVED:

S/Robert G. Pickering
Robert G. Pickering, Esq.
Ray, Jouard & Pickering, P.C.
2038 Caribou Drive, Suite 100
Fort Collins, CO   80525
(970)482-1977

Neil R. Rosen, Esq.
Renee A. Metal
The Frick Building, Suite 200
437 Grant Street
Pittsburgh, PA   15219
(412) 281-4200
Attorneys for Plaintiffs
Daniel and Cynthia Fanning

S/Regina M. Rodriquez
Regina M. Rodriquez, Esq.
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO   80203
(303)607-3600

Attorney for Defendant
Dianon Systems, Inc.

The terms of this Confidentiality Agreement and Protective Order are agreed to by Primax Recoveries, Inc. and PacificCare of Colorado and they agree to be bound by said Order.

S/Paul W. Hurcomb
Paul W. Hurcomb
Sparks Willson Borges Brandt & Johnson. P.C.
P.O. Box 1678
24 South Weber, Suite 400
Colorado Springs, CO 80903

8

(719) 633-8477 Attorneys for Primax Recoveries, Inc. and PacificCare of Colorado